

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00213-CR

RUSHEL CURTIS LAMAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 66002-A, Honorable Dan L. Schaap, Presiding

May 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Rushel Curtis Lamar, appellant, appeals his conviction for aggravated assault with a deadly weapon. Appellant was tried by a jury, found guilty, and assessed punishment at six years in prison. He then appealed.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396,18 L.Ed.2d 493 (1967).

filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated March 13, 2014, this court notified appellant of his right to file his own brief or response by April 11, 2014, if he wished to do so. To date, no response has been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed one potential area for appeal which was the admission of extraneous offenses. However, counsel then proceeded to explain why the issue was without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusion and to uncover any arguable error pursuant to *In re Shulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). In doing so, we noticed that the judgment assessed court costs in the amount of $4,409 against appellant. The bill of costs indicates that the $4,409 sum is comprised of attorney's fees in the amount of $4,100. However, there is no evidence of record indicating a change in appellant's status as an indigent. Such is required before an indigent defendant may be assessed attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013-2014); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay those fees, *Mayer v. State*, 309 S.W.3d at 556, the proper remedy is to delete attorney's fees from the bill of costs and any ensuing order permitting withdrawals from appellant's inmate account of those costs. *Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013). Other than that matter, we also uncovered no arguable issue.

Accordingly, the bill of costs is modified to delete the requirement that appellant pay $4,100 in court-appointed attorney's fees. The motion to withdraw is granted, and the judgment is affirmed as modified.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.